UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY PALMA,<br><br>Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC.; COUNTRYWIDE HOME LOANS, INC.; NATIONAL DEFAULT SERVICING CORPORATION, and DOES 1 through 20,<br><br>Defendants. | No. 2:16-cv-00633-KJM-CKD<br><br>ORDER |

Plaintiff Ray Palma attempted to modify the terms of the mortgage loan he had with his lender to prevent losing his home. He did not succeed and then brought suit against defendants, alleging they acted improperly during the loan modification application process, and as a result, he now faces foreclosure. This matter is before the court on defendants' motion to dismiss Mr. Palma's First Amended Complaint. Mot., ECF No. 19. Mr. Palma opposed the motion, Opp'n, ECF No. 24, and defendants replied, Reply, ECF No. 30. At hearing, Stanley Berman appeared for Mr. Palma and Bryan Hawkins appeared for defendants. ECF No. 32. As discussed below, defendants' motion is DENIED IN PART and GRANTED IN PART.

1

I.     PROCEDURAL HISTORY

On February 22, 2016, Mr. Palma filed suit in the Superior Court for the County of Sacramento. ECF No. 2. After defendants removed the case to this court, *id.*, Mr. Palma filed the operative First Amended Complaint, FAC, ECF No. 16, naming as defendants Select Portfolio Services, Inc. (SPS) and National Default Servicing Corporation (National Default), Wells Fargo Bank (Wells Fargo). FAC ¶¶ 2–5.[1]

Mr. Palma alleges defendants (1) violated California Civil Code § 2923.6 (prohibiting "dual tracking"); (2) violated California Civil Code § 2923.7 (requiring a "single point of contact"); (3) were negligent in servicing Mr. Palma's loan modification application; and (4) violated California Business and Professions Code § 17200, *et seq.*, by engaging in unfair business practices. FAC ¶¶ 27–56. Mr. Palma also files claims to (5) quiet title on the subject Property, *id.* ¶¶ 57–62, and (6) to cancel the trustee's deed upon sale on the subject Property, *id.* ¶¶ 63–68.

II.    FACTUAL ALLEGATIONS

Mr. Palma lives on Riding Trail Drive in the County of Sacramento (the "Property"). FAC ¶ 1. On or about July 18, 2006, he refinanced his home, and as evidence of this loan, executed a promissory note and a deed of trust as security for the note. *Id.* ¶ 17. The deed of trust was recorded in the "Official Records" of the Sacramento County Recorder's Office.

---

[1] Plaintiff also names Doe defendants. The Ninth Circuit provides "'[plaintiffs] should be given an opportunity through discovery to identify [] unknown defendants'" "in circumstances . . . 'where the identity of the alleged defendant[] [is] not [] known prior to the filing of a complaint.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)) (modifications in original).

Plaintiff is cautioned that such defendants will be dismissed where "'it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *Id.* (quoting *Gillespie*, 629 F.2d at 642). Federal Rule of Civil Procedure 4(m), as recently amended, provides for dismissal of defendants not served within 90 days of filing of the complaint unless plaintiff shows good cause. *See Glass v. Fields*, No. 09–00098, 2011 U.S. Dist. LEXIS 97604, at *3 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v. Does*, No. 11–01567, 2011 U.S. Dist. LEXIS 109837, at *2–4 (N.D. Cal. Sep. 27, 2011).

*Id.* The named trustee in the deed of trust was "American General Financial Services," and the named lender in the deed of trust was "Countrywide Financial Corporation." *Id.* SPS was the servicer of Mr. Palma's loan, Wells Fargo was the beneficiary, and National Default was the foreclosure trustee. *Id.* ¶ 19.

In 2013, Mr. Palma found himself in financial distress. *Id.* ¶ 20. As a result, he submitted a complete first lien loan modification application to SPS in or about October 2013. *Id.* ¶ 21. SPS remained in contact with Mr. Palma to service his loan modification application by informing him of the supplemental documents needed to review the application. *Id.* ¶ 24. However, when Mr. Palma contacted SPS to inquire about the status of the loan modification application, Mr. Palma did not speak with the same person, or team of persons, as to the application's status. *Id.* ¶ 38.

On April 1, 2014, without issuing a written letter either approving or denying Mr. Palma's loan modification application, defendants[2] recorded a Notice of Default (NOD) against the Property. *Id.* ¶ 21. Defendants then recorded a Notice of Trustee's Sale on November 12, 2014. *Id.* ¶ 22. On or about September 2, 2015, defendants foreclosed on the Property. *Id.* ¶ 23.

At the foreclosure auction, after nobody appeared to purchase the Property, the Property reverted to the loan's beneficiary, Wells Fargo, and a Trustee's Deed upon Sale was recorded. *Id.* Mr. Palma alleges Wells Fargo then "moved" to evict him, but does not clarify how. *Id.* ¶ 25. In any event, Mr. Palma alleges he now faces the loss of possession of the Property, which he considers his home. *Id.*

Mr. Palma alleges, because of defendants' conduct, he did not get the benefit of a permanent modification and his loan balance has increased with arrears, penalties, and fees. *Id.* ¶ 26.

III. JUDICIAL NOTICE

Defendants request the court take judicial notice of Mr. Palma's Complaint, First Amended Complaint, and Summons filed in *Ray Palma v. Bank of America, N.A., et al.*, No. 34–

---

[2] Wherever the court uses the plural, plaintiff does not specify a particular defendant.

2015–00180154 (Cal. Super. Ct. Sacramento filed June 5, 2015). Defs.' Req. J. Notice (RJN), ECF No. 20. In the state case, Mr. Palma filed suit against Bank of America and SPS. *See* Defs.' RJN Ex. A at 4 (Complaint), ECF No. 20-1. On February 2, 2016, the state court dismissed Mr. Palma's suit against SPS with prejudice. *Ray Palma v. Bank of America, N.A., et al.*, No. 34–2015–00180154 (Dkt. Nos. 33–36), and Mr. Palma has otherwise requested dismissal of the entire state suit. *Id.* (Dkt. No. 47).

Defendants also request the court judicially notice the following statements made in Mr. Palma's state court complaint:

- On or about November 27, 2012, SPS offered Plaintiff a loan modification with respect to the Loan. State Court Compl. ¶ 11.
- On or about March 3, 2014, SPS contacted Plaintiff and informed him that he prequalified for a repayment plan that would enable him to become current on the Loan. SPS's approval of the repayment was contingent upon Plaintiff submitting certain financial-related documents. *Id.* ¶ 17.
- On or about September 2014, SPS informed Plaintiff that his repayment plan was being dissolved and that Plaintiff would instead be reviewed for another loan modification. Plaintiff submitted the necessary documents in order to be reviewed for SPS' proposed loan modification. *Id.* ¶ 24.
- On or about October 21, 2014, SPS advised Plaintiff that it had not received the documentation needed for SPS to review Plaintiff for its proposed loan modification. *Id.* ¶ 25.
- On or about November 7, 2014, Plaintiff resent all of the documentation needed for SPS to review Plaintiff for its proposed loan modification. *Id.* ¶ 26.
- On or about November 11, 2014, SPS denied Plaintiff's request for a loan modification without providing a reason. *Id.* ¶ 27.

Defs.' RJN Ex. A at 4–8; Mot. at 8.

The court generally confines itself to the four corners of a complaint in ruling on a Rule 12(b)(6) motion. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ("[A] court

may generally consider only allegations contained in the pleadings."). However, the court can consider documents incorporated into the complaint by reference, as well as any relevant matters subject to judicial notice. *Perkins v. Linked In Corp.*, 53 F. Supp. 3d 1190, 1203–04 (N.D. Cal. 2014). A court may take judicial notice of an adjudicative fact if requested by a party and "supplied with the necessary information." Fed. R. Evid. 201(c)(2).

A court "may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the PACER system[3] via the internet." *Peviani v. Hostess Brands, Inc.*, 750 F. Supp. 2d 1111, 1116 (C.D. Cal. 2010) (citing *C.B. v. Sonora Sch. Dist.*, 691 F. Supp. 2d 1123, 1138 (E.D. Cal. 2009) (internal citations omitted)). Documents are judicially noticeable, however, only for the purpose of determining what statements are contained therein, not to prove the truth of the contents or any party's assertion of what the contents mean. *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 975 (E.D. Cal. 2004).

Where a party requests judicial notice of the existence of certain statements, and not the accuracy of such statements, judicial notice of the statements' existence is appropriate. *In re Seracare Life Scis., Inc.*, No. 05–2335, 2007 WL 935583, at *3 (S.D. Cal. Mar. 19, 2007). To the extent defendants seek judicial notice of the veracity or authenticity of any arguments or conclusions of fact or law contained in documents, the request should be denied. *See S. Cal. Edison Co.*, 300 F. Supp. 2d at 976 (judicially noticing the existence of a document entitled "Forest Service Handbook" but not conclusions of fact or law within it).

Here, to the extent defendants seek judicial notice of the veracity or authenticity of any arguments or conclusions of fact or law contained in the state court documents, the request is denied. *See id*. However, the fact that the state court complaint, First Amended Complaint and summons exist, and that plaintiff made certain statements in the complaint, can and will be judicially noticed. *See id.*

---

[3] The PACER system is a court generated database that provides public access to court electronic records. *Black's Law Dictionary* 550 (4th Pocket ed. 2011).

5

IV. <u>LEGAL STANDARD</u>

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). The court assumes these factual allegations are true and draws reasonable inferences from them. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. Accordingly, conclusory or formulaic recitations of a cause's elements do not alone suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555).

Evaluation under Rule 12(b)(6) is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679. Aside from the complaint, and information judicially noticed, district courts have discretion to examine documents incorporated by reference. *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012); *W. Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970, 976 (9th Cir. 2012). The court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.
*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

V. <u>DISCUSSION</u>

    A. <u>State Court Filings vs. Operative First Amended Complaint</u>

Throughout their motion, defendants argue the operative First Amended Complaint should be dismissed because its allegations contradict statements made in the complaint filed in state court, in *Ray Palma v. Bank of America, N.A., et al.*, No. 34–2015–00180154. *See generally* Mot. Defendants seek to undermine the operative complaint's allegations in two ways: (1) pointing to judicially noticed statements to undermine the allegations of the operative complaint, and (2) invoking the doctrine of judicial estoppel to preclude Mr.

Palma from proceeding on the allegations of the First Amended Complaint. *See id.* at 10. Mr. Palma contends defendants cannot challenge the veracity of Mr. Palma's complaint by pointing to allegations made in a prior suit. Opp'n at 4. The court addresses each of defendants' arguments in turn.

1. <u>Judicially Noticeable Statements</u>

Defendants argue that Mr. Palma's "prior allegations demonstrate that he did not submit any loan modification application to SPS until November 7, 2014," Mot. at 10, he was provided with a Single Point of Contract (SPOC), *id.* at 12, and SPS did not take an "excessive [amount of] time to make a determination [on Plaintiff's application]," *id.* at 14. The court considers these statements not for their truth but as statements Mr. Palma made to a state tribunal.

2. <u>Judicial Estoppel</u>

Defendants cite to legal authority standing for the proposition that the doctrine of judicial estoppel should be applied to dismiss the operative complaint. *See* Mot. at 10 (citing *Fredenburg v. Contra Costa Cnty. Dep't of Health Servs.*, 172 F.3d 1176, 1179 (9th Cir. 1999) ("The doctrine of judicial estoppel [ ] . . . precludes litigants from asserting inconsistent positions in different forums.")).

"[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (citing *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)). This judicial estoppel rule "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Id.* (citation omitted).

Courts have uniformly recognized that the purpose of judicial estoppel is "to protect the integrity of the judicial process . . . by "prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Id.* (internal citations omitted). Timing and outcome matter. "Absent success in a prior proceeding, a party's later inconsistent position

introduces no risk of inconsistent court determinations . . . and thus poses little threat to judicial integrity." *Id.* at 750–51.

Generally, three factors "inform the decision whether to apply the doctrine in a particular case." *Id.* at 750. "First, a party's later position must be 'clearly inconsistent' with its earlier position." *Id.* "Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled.'" *Id.* (citation omitted). "Third, courts ask whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 751.

Assuming without deciding the statements made in Mr. Palma's complaint filed in the state court are "clearly inconsistent" with the allegations made in the operative complaint, judicial estoppel does not apply here. First, defendants cannot contend Mr. Palma succeeded in the prior proceeding because the state court case was dismissed, and no court decision in that case otherwise establishes Mr. Palma succeeded in his representations to the state court. Defendants do not contend Mr. Palma would otherwise derive an unfair advantage from proceeding with the operative complaint.

3. <u>Summary</u>

To the extent defendants' motion relies on the theory that the First Amended Complaint impermissibly contradicts statements made in the state court pleadings, the motion is DENIED.

B. <u>California Civil Code § 2923.6</u>

Defendants contend that even assuming SPS engaged in dual tracking, SPS cured any violation by reviewing and denying Mr. Palma's application for loan modification. Mot. at 11. Mr. Palma contends he properly alleges a violation here because he submitted a complete loan application in October 2013, after which defendants commenced foreclosure proceedings without issuing a decision on or notifying Mr. Palma of the application's status. Opp'n at 5.

California Civil Code § 2923.6 prohibits dual tracking, which is the practice of pursuing foreclosure proceedings while a borrower's complete loan modification application is still pending. *See Jolley v. Chase Home Finance*, LLC, 213 Cal. App. 4th 872, 904 (2013). In particular, section 2923.6(c)(1) provides:

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending . . . until . . . the mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period . . . has expired.

Cal. Civ. Code § 2923.6(c)(1). The statute further provides that "the borrower shall have at least 30 days from the date of the written denial to appeal the denial and to provide evidence that the mortgage servicer's determination was in error." Cal. Civ. Code § 2923.6(d). An application is "complete" when "a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." Cal. Civ. Code § 2923.6(h).

The court finds Mr. Palma adequately alleged dual tracking in violation of section 2923.6. Specifically, he alleges he submitted a completed loan modification application in October 2013 and communicated with defendants regarding supplemental materials necessary for an adequate review. FAC ¶¶ 20, 24. Without informing him of the status of this application, defendants initiated foreclosure proceedings in April 2014, and foreclosed on the Property in September 2015. *Id.* ¶ 22. The court concludes Mr. Palma may proceed on these allegations. Defendants' motion is DENIED.

### C. California Civil Code § 2923.7

Defendants contend that even if Mr. Palma was not properly provided a SPOC, he has not alleged any harm or injury. Mot. at 12. Mr. Palma contends his First Amended Complaint sufficiently alleges defendants did not provide a SPOC. Opp'n at 6. He alleges no harm or prejudice outside defendants' failure to identify a SPOC. *Id.*

Section 2923.7(a) provides when a borrower requests a foreclosure prevention alternative, "the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." Cal. Civ. Code § 2923.7(a). The SPOC shall be responsible for:

> (1) Communicating the process by which a borrower may apply for an available foreclosure prevention alternative and the deadline for any required submissions to be considered for these options.
>
> (2) Coordinating receipt of all documents associated with available foreclosure prevention alternatives and notifying the borrower of any missing documents necessary to complete the application.
>
> (3) Having access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative.
>
> (4) Ensuring that a borrower is considered for all foreclosure prevention alternatives offered by, or through, the mortgage servicer, if any.
>
> (5) Having access to individuals with the ability and authority to stop foreclosure proceedings when necessary.

Cal. Civ. Code § 2923.7(b). Section 2923.7(e) provides: "'[S]ingle point of contact' means an individual or team of personnel each of whom has the ability and authority to perform the responsibilities [of a SPOC]." Cal. Civ. Code § 2923.7(e). The SPOC requirement helps prevent borrowers from being "given the run-around, being told one thing by one bank employee while something entirely different is being pursued by another." *Jolley, LLC*, 213 Cal. App. 4th at 905.

Mr. Palma alleges that although SPS remained in contact with him throughout the loan modification process by informing him of the supplemental documents he needed to submit to continue with loan modification review, he did not speak with the same person or team of persons when he called to inquire about the status of his application. FAC ¶¶ 24, 38. He also alleges that without informing him of the status of his application, defendants recorded a notice of default on the Property. *Id.* ¶¶ 21, 24. However, Mr. Palma does not allege any injury flowing from not being able to speak with the same person or team of persons, and the allegations of the complaint do not plausibly lead to the inference that Mr. Palma was prejudiced as a result of not having a SPOC. Rather, he kept in consistent contact with SPS, and had his loan modification

application processed. *See Cordero v. U.S. Bank*, N.A., No. 14–1709, 2014 WL 4658757, at *1 (S.D. Cal. Sept. 17, 2014) (no § 2923.7 injury where plaintiff, despite not having SPOC, was able to contact loan servicer and submit loan modification application); *Boring v. Nationstar Mortg., LLC*, No. 13–01404, 2014 WL 66776, at *4 (E.D. Cal. Jan. 7, 2014) (no § 2923.7 injury where plaintiffs, despite not having a SPOC, were able to submit loan modification application); *but see Mann v. Bank of Am., N.A.*, No. 13–02293, 2014 WL 495617, at *4 (C.D. Cal. Feb. 3, 2014) (allowing § 2923.7 claim where plaintiffs alleged defendant "shuffled them from SPOC to SPOC" and, as result, plaintiffs were required to repeatedly reinform new individuals about details of their loan and received contradictory information from different SPOCs).

Defendants' motion is GRANTED, but Mr. Palma's claim is dismissed with leave to amend to allege injury flowing from the lack of a SPOC, if he is able to so amend.

D. Negligence

Defendants contend they do not owe Mr. Palma a duty of care in the servicing of his modified loan application. Mot. at 13. Mr. Palma contends California law imposes a duty of care and he has adequately alleged negligence. Opp'n at 6–7.

To state a claim for negligence, the plaintiff must plead: (1) defendants' duty of care to plaintiff; (2) breach of that duty; (3) causation; and (4) damages. *Truong v. Nguyen*, 156 Cal. App. 4th 865, 875 (2007). "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." *Vasquez v. Residential Invs., Inc.*, 118 Cal.App.4th 269, 278 (2004).

The general rule is that "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991). But "*Nymark* does not support the sweeping conclusion that a lender never owes a duty of care to a borrower." *Jolley*, 213 Cal. App. 4th at 901 (internal quotation marks omitted). Rather, the court weighs six factors to decide whether a financial institution owes a borrower a duty of care:

> [1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendant's conduct and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm.

*Nymark*, 231 Cal. App. 3d at 1098 (quoting *Biakanja v. Irving*, 49 Cal. 2d 647, 650 (1958)). These six factors are commonly referred to as the "*Biakanja* factors" after the *Biakanja* case on which *Nymark* relies.

California courts have not settled on a uniform application of the *Biakanja* factors in mortgage cases. Further, neither the California Supreme Court nor the Ninth Circuit has taken up this question. This court recently considered the issue in *Martinez v. Flagstar Bank, FSB*, and concluded a lender "does owe a duty of care to a borrower not to make material misrepresentations about the status of an application for a loan modification," and that a borrower would foreseeably be harmed "by an inaccurate or untimely communication . . . about the status of a loan modification application." No. 15–01934, 2016 WL 3906810, at *8 (E.D. Cal. July 19, 2016) (citing *Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941, 947 (2014)). Seeing no reason to deviate from its prior ruling, this court concludes Mr. Palma's claim can proceed if he plausibly alleges defendants made material misrepresentations by neglecting to inform him foreclosure proceedings would commence at the same time his loan modification application was being considered. *Martinez*, 2016 WL 3906810, at *8.

Turning to the operative complaint, the court is able to draw the reasonable inference that defendants owed and breached a duty of care to Mr. Palma. That defendants remained in contact by informing Mr. Palma of the supplemental documents needed to complete a loan modification review suggested that foreclosure would not go forward until his application was adequately considered. Foreclosure nonetheless proceeded, without defendants' providing notice or discussion regarding the status of Mr. Palma's application. Further, defendants initiated and completed the foreclosure sale despite the pending application, without informing Mr. Palma of its status.

Mr. Palma has adequately pleaded breach of a duty of care, and defendants' motion is DENIED.

E. California Unfair Competition Law (UCL)

Defendants contend Mr. Palma's UCL claim should be dismissed because it relies on his flawed section 2923.6 and 2923.7 claims. Mot. at 14–15. Defendants also contend Mr. Palma has not alleged any damages and therefore cannot satisfy the UCL's injury-in-fact requirement. *Id.* at 15. Mr. Palma contends he has properly pleaded a UCL violation based on the statutory violations of sections 2939.6 and 2923.7. Opp'n at 8–9.

The UCL authorizes actions for injunctive relief to enjoin "unfair competition." Cal. Bus. & Prof. Code § 17203. Unfair competition includes "any unlawful, unfair or fraudulent business act or practice." *Id.* § 17200. Of particular relevance here, the UCL treats violations of other laws as actionable under the UCL. *Farmers Ins. Exch. v. Sup.Ct.*, 2 Cal.4th 377, 383 (1992). In addition to alleging an unlawful, unfair, or fraudulent act, a private party may only sue if it "has suffered injury in fact and has lost money or property as a result of such unfair competition." Cal. Bus. & Prof. Code § 17204; *Lozano v. AT & T Wireless Servs.*, Inc., 504 F.3d 718, 731 (9th Cir. 2007) ([A] a person asserting an unfair competition claim must allege that (1) he or she "suffered injury in fact," and (2) "lost money or property as a result of such unfair competition.").

As to defendants' first argument, the court has already concluded Mr. Palma may proceed on his section 2923.6 claim. Regarding defendants' second argument, the court finds the First Amended Complaint states a claim under the "unlawful" prong of the UCL based, at least, on defendants' alleged dual-tracking in violation of section 2923.6. *See, e.g., Farmers Ins. Exch.*, 2 Cal.4th at 383 (the UCL treats violations of other laws as actionable under the UCL). Defendants' argument that plaintiff has not alleged he suffered an injury in fact is not sustainable in the face of plaintiff's allegations that his house was actually foreclosed upon. *See Sullivan v. Wash. Mutual Bank,* 2009 WL 3458300, at *4 (N.D.Cal. Oct. 23, 2009) (injury for standing purposes established where defendants were in process of conducting wrongful foreclosure).

Mr. Palma may proceed on this claim, and defendants' motion is DENIED.

F. <u>Quiet Title</u>

Defendants contend the quiet title claim should be dismissed because Mr. Palma has not shown he met the preconditions to claiming ownership of the Sacramento home. Mot. at 15. Without specification, plaintiff contends he has adequately alleged a quiet title claim. Opp'n at 10.

An action to quiet title may be brought to establish title against adverse claims to real property or any interest therein. Cal. Code Civ. Proc. § 760.020. A quiet title action must plead: (1) a description of the property in question; (2) the basis for plaintiff's title; and (3) the adverse claims to plaintiff's title. *Id.*; *Sowinski v. Wells Fargo Bank, N.A.*, No. 11–6431, 2012 WL 5904711, at *2 (N.D. Cal. Nov. 26, 2012). "In order to satisfy the second requirement, plaintiff must allege that he has discharged his debt, regardless to whom it is owed." *Id.* (citing *Kelley v. Mort. Elec. Registration Sys.*, Inc., 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009)). Thus, regarding the second prong, "a borrower may not assert 'quiet title' against a mortgagee without first paying the outstanding debt on the property." *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010) (citation omitted).

Mr. Palma nowhere alleges he discharged the debt on the subject Property. Rather, Mr. Palma alleges at the time of foreclosure, he still had an unfulfilled financial obligation encumbering the subject Property. FAC ¶ 26. Because Mr. Palma has not alleged he satisfied his obligations under the deed of trust, he has not stated a claim to quiet title. *See Kelley*, 642 F. Supp. 2d at 1057.

Defendants' motion on this claim is GRANTED.

G. <u>Cancellation of Trustee's Deed upon Sale</u>

Defendants contend Mr. Palma's request to cancel the trustee's deed upon sale must be denied because there is no law prohibiting a beneficiary from purchasing the Property where valuable consideration was paid for the note. Mot. at 16. Mr. Palma, without explanation, simply says he properly pled a claim for the cancellation of the trustee's deed upon sale. Opp'n at 10.

There is "a common law rebuttable presumption that a foreclosure sale has been conducted regularly and fairly." *6 Angels, Inc. v. Stuart-Wright Mortg., Inc.*, 85 Cal. App. 4th 1279, 1284 (2001). Accordingly, "[a] successful challenge to the sale requires evidence of a failure to comply with the procedural requirements for the foreclosure sale that caused prejudice to the person attacking the sale." *Knapp v. Doherty*, 123 Cal. App. 4th 76, 96 (2004). Ultimately, "the presumption must prevail when the record lacks substantial evidence of a prejudicial procedural irregularity." *Id.* The touchstone question is whether there is "a substantial defect in the statutory procedure that is prejudicial to the interests of the trustor and claimants." *Id.*

Mr. Palma alleges defendant and mortgage beneficiary Wells Fargo was not a "bona fide" purchaser because it was the beneficiary to the loan and did not pay valuable consideration for the Property at the foreclosure action. FAC ¶ 66. But a beneficiary of a mortgage may purchase the subject property at a trustee's sale without creating a defect in the deed. *See Davenport v. Seattle Bank*, No. 15–04475, 2015 WL 4886393, at *2, *6 (C.D. Cal. Aug. 14, 2015) (declining to set aside trustee sale where mortgage beneficiary purchased the subject property). The trustee's deed upon sale, attached to Mr. Palma's complaint, shows Wells Fargo paid the entire debt of $1,377,512.85 encumbering the subject property. *See* FAC Ex. B, ECF No. 16-2. Based on the complaint and documents Mr. Palma himself provides, it is not plausible to infer Wells Fargo was not a bona fide purchaser or failed to pay valuable consideration for the Property. *Cf. Knapp*, 123 Cal. App. 4th at 93 ("It is settled that a great disparity between the foreclosure price and the value of the property, by itself, is insufficient to set aside the sale."). Defendants' motion as to this claim is GRANTED.

VI. <u>LEAVE TO AMEND</u>

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend is to be granted freely. Fed. R. Civ. P. 15(a). The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

15

Here, the court grants defendants' motion only with respect to the following three claims: (1) violation of 2923.7, (2) quiet title claim, and (3) claim to cancel the trustee's deed upon sale. Regarding the 2923.7 claim, the court grants leave to amend to allege injuries flowing from the defendants' failure to provide an SPOC. Accordingly, this claim is dismissed without prejudice.

Regarding the balance of claims, amendment would be futile because Mr. Palma cannot allege he paid the outstanding debt encumbering his Property, or that Wells Fargo was not a bona fide purchaser. Accordingly, these claims are dismissed WITH PREJUDICE.

VII.    CONCLUSION

In light of the foregoing, defendants' motion is DENIED as to Mr. Palma's claims of (1) violation of California Civil Code § 2923.6; (2) negligence; and (3) violation of the UCL. Defendants' motion is GRANTED WITHOUT PREJUDICE on Mr. Palma's claims of (4) violation of California Civil Code § 2923.7. Defendants' motion is GRANTED WITH PREJUDICE on Mr. Palma's claims to quiet title and (6) cancel trustee's deed upon sale. An amended complaint remedying the 2923.7 claim deficiencies shall be filed within fourteen (14) days.

In accordance with this court's minute order at ECF No. 38, in light of plaintiff's pro se status, this case is referred to Magistrate Judge Carolyn K. Delaney for handling of pre-dispositive matters.

This order resolves ECF No. 19.

IT IS SO ORDERED.

DATED: April 13, 2017.

_____
UNITED STATES DISTRICT JUDGE